
# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JEREMY DAN SMITH,

    Plaintiff,

v.                                       CIVIL ACTION NO.: CV507-006

KIM PHILLIPS, Jail Administrator,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Coastal State Prison in Garden City, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was incarcerated at the Coffee County Jail in Douglas, Georgia. Defendant filed a Motion for Summary Judgment. Plaintiff filed a response and Defendant filed a Reply Brief In Support of Summary Judgment. For the following reasons, Defendant's Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff avers that, while he was incarcerated at Coffee County Jail from October 3, 2006, until he filed the present action on January 16, 2007, he was not allowed to see his mental health doctor. Plaintiff further avers that he had over ten requests to see the doctor and over ten requests for grievances against medical for not letting him see the doctor. Plaintiff alleges that he was seen only once by a medical doctor during the time

AO 72A
(Rev. 8/82)

in question. Plaintiff asserts that as a result of Defendant's deliberate indifference, he suffered serious injury and harm.

Defendant contends that he is entitled to summary judgment because Plaintiff failed to meet his burden of proving that Plaintiff had a serious medical need or that Defendant was deliberately indifferent to that alleged need. Defendant further contends that Plaintiff can not establish that he suffered significant harm as a result of Defendant's alleged deliberate indifference.

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F. 3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F. 3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F. 3d 1287, 1298 (11th Cir. 2003). Specifically, the

moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F. 3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Defendant asserts that he did not make any decisions regarding Plaintiff's mental health treatment and that he did not in any way deny Plaintiff access to mental health care. (Doc. No. 25, p. 3). Defendant further asserts that he did not perceive that Plaintiff was in need of any care or that Plaintiff was at substantial risk of serious harm. Id. Defendant contends that Plaintiff had regular access to medical care while he was at Coffee County Jail. Id. Defendant also contends that he made no decisions regarding Plaintiff's medical care and that all such decisions were made by the medical professionals who provided medical care at the jail. Id. Defendant Phillips finally contends that Plaintiff did not allege in his complaint that he suffered significant harm. Id.

Plaintiff asserts that Defendant was deliberately indifferent to his serious medical needs. (Doc. No. 28, p. 1.) Plaintiff further asserts that he had a serious medical need and that Defendant knew of this need and intentionally refused to provide medical care.

(Id. at 2.) Plaintiff avers that all decisions regarding whether he was given access to mental health care were made by jailers. (Doc. No. 29, p. 2.) Plaintiff further avers that at no time did Defendant make any decisions regarding whether Plaintiff would be given access to mental health care. Id. In response to Defendant's contentions that he had no knowledge of Plaintiff being in need of mental health care or that he would pose a substantial risk to himself or others, Plaintiff asserts that his medical records show a diagnosis of schizophrenia and epileptic seizures. Id. Plaintiff contends that he suffered significant harm that resulted in a lifelong handicap or permanent loss as a result of the denial or delay in medical treatment. (Doc. No. 28, p. 2.)

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994).

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106, 97 S. Ct. at 292. Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992)

(quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Id. at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). Summary judgment must be granted for the Defendant unless the Plaintiff presents evidence of the official's subjective knowledge. The record must contain evidence of such subjective awareness. Campbell v. Sikes, 169 F. 3d 1353, 1364 (11th Cir. 1999). To demonstrate deliberate indifference in the medical context, a defendant must have intentionally delayed access to medical care for such a period as to constitute the unnecessary and wanton infliction of pain. Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995). Negligence in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Estelle, at 106, 97 S. Ct. at 292.

In the present case, the Plaintiff must first establish that there was a serious medical need. When viewing the facts in a light most favorable to Plaintiff, the record indicates that Plaintiff did have a serious medical need. Plaintiff's medical records indicate that he had been diagnosed with schizophrenia and was on anti-depressants, among other things. Assuming, arguendo, that there was a serious medical need,

Plaintiff must next establish that Defendant was deliberately indifferent to that need. Here, the Plaintiff presents no evidence that Defendant had knowledge of his alleged serious medical condition. It appears that Plaintiff contends that Defendant should have known of his serious medical needs because Plaintiff's medical records contained information indicating he had been treated for schizophrenia and was having suicidal thoughts. However, Plaintiff enters no evidence to support the conclusion that Defendant actually knew about his alleged serious medical condition or intentionally refused to provide Plaintiff with medical care. Plaintiff's admission that at no time did Defendant make any decisions regarding whether Plaintiff would be given access to mental health care further supports this conclusion. Defendant is entitled to summary judgment in his favor.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **GRANTED** and Plaintiff's claims against Defendant be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of July, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE